UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FAYE FRANCES KAUSCH,

        Plaintiff,

v.                                    Case No. 3:23-cv-1300-JRK

CAROLYN W. COLVIN,
Acting Commissioner of Social
Security,[1]

        Defendant.
_____/

**OPINION AND ORDER**[2]

**I. Status**

Faye Frances Kausch ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") through April 28, 2021, the date Plaintiff was ultimately found to be disabled by the SSA. Plaintiff's alleged inability to work is the result of bipolar disorder, post-traumatic stress disorder, depression, diabetes, a ruptured left

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on November 30, 2024. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 23), filed April 24, 2024; Reference Order (Doc. No. 24), entered April 26, 2024.

ear drum, asthma, chronic left knee pain, and issues with her sciatic nerve. Transcript of Administrative Proceedings (Doc. No. 16; "Tr." or "administrative transcript"), filed February 20, 2024, at 106-07, 115-16, 131, 139, 417.[3]

On March 11, 2015, Plaintiff protectively filed applications for DIB and SSI, alleging a disability onset date of March 2, 2009. Tr. at 330-34 (DIB), 335-43 (SSI).[4] The applications were denied initially, Tr. at 106-14, 127, 129, 157-59 (DIB); Tr. at 115-26, 128, 130, 160-62 (SSI), and upon reconsideration, Tr. at 131-38, 150, 153, 170-74 (DIB); Tr. at 139-49, 151, 152, 165-69 (SSI).

On May 22, 2017, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel. Tr. at 91-105. The hearing was adjourned so that Plaintiff could undergo a consultative examination. Tr. at 97-104. On June 11, 2018, the ALJ held another hearing, during which he heard from Plaintiff, who remained represented by counsel, and a vocational expert ("VE"). Tr. at 42-90. During the hearing, Plaintiff confirmed her intention to amend the alleged disability onset date to January 1, 2013, and it was so amended. Tr. at 60; see Tr. at 748-49,

---

[3]   Some documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

[4]   The applications were actually completed on April 2, 2015. See Tr. at 330 (DIB), 335 (SSI). The protective filing date for both the applications is listed elsewhere in the administrative transcript as March 11, 2015. Tr. at 106, 131 (DIB), 115, 139 (SSI).

2

800. On July 11, 2018, the ALJ issued a decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 15-35.

Thereafter, Plaintiff requested review of the decision by the Appeals Council and submitted a brief in support of the request. Tr. at 4-5 (Appeals Council exhibit list and order), 325-28 (request for review), 485-90 (brief). On July 15, 2019, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, making the ALJ's decision the final decision of the Commissioner.

Plaintiff appealed the Commissioner's final decision to this Court. See Compl. (Doc. No. 1), Case No. 3:19-cv-1026-MCR. On December 1, 2020, this Court entered a Memorandum Opinion and Order reversing and remanding the matter with instructions to reconsider the impact of Plaintiff's asthma on her residual functional capacity ("RFC") and also to reconsider various medical opinions of record. Tr. at 867-83; see Tr. at 884 (Judgment).

On remand, the Appeals Council entered an Order on December 29, 2020 remanding the case to an ALJ consistent with the Court's Order. Tr. at 888. On May 17, 2021, the ALJ held a hearing,[5] during which he heard from Plaintiff, who remained represented by counsel, and a VE. Tr. at 741-93. On August 18, 2021, the ALJ entered a decision finding Plaintiff not disabled prior to April 28,

---

[5] The hearing was held via telephone, with Plaintiff's consent, because of extraordinary circumstances caused by the initial stages of the COVID-19 pandemic. Tr. at 740, 953-64.

2021, but disabled on that date and continuing through the date of the decision. Tr. at 898-921. Because Plaintiff's DIB insured status expired on June 30, 2013, the effect of the decision was to deny the claim for DIB but grant the claim for SSI from April 28, 2021 forward. Tr. at 901, 920.

Plaintiff filed written exceptions to the ALJ's decision. See Tr. at 934. On June 13, 2022, the Appeals Council entered an Order vacating the ALJ's decision "only with respect to the issue of disability prior to April 28, 2021" and remanding the matter to an ALJ for further proceedings, including full compliance with this Court's Order. Tr. at 934-36.

On November 30, 2022, a different ALJ held a hearing,[6] during which he heard from a VE.[7] Tr. at 794-830. On January 16, 2023, the ALJ issued a Decision finding Plaintiff was not disabled at any time from January 1, 2013 through April 27, 2021. Tr. at 712-27. Plaintiff filed written exceptions to the ALJ's Decision. Tr. at 706-07 (Appeals Council exhibit list and Order), 1051-57 (exceptions). On September 1, 2023, the Appeals Council declined to assume jurisdiction, Tr. at 702-05, making the ALJ's Decision the final decision of the Commissioner. On November 2, 2023, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1),

---

[6] This hearing was also held via telephone, with Plaintiff's consent. Tr. at 796, 1019-34.

[7] Plaintiff stipulated that the ALJ could consider her previous testimony. Tr. at 797.

4

through counsel, seeking judicial review of the Commissioner's final decision.

Plaintiff on appeal argues the ALJ erred in 1) "fail[ing] to articulate adequate reasons for rejecting the opinions of Dr. Kirkendall, Dr. Nay, and Dr. Anderton as to the extent of [Plaintiff's] mental limitations"; and 2) "fail[ing] to articulate adequate reasons for rejecting the opinion of every physician (examining, treating and state agency nonexamining physician) who opined as to the extent to which [Plaintiff] must avoid exposure to pulmonary irritants." Plaintiff's Brief (Doc. No. 21; "Pl.'s Br."), filed April 22, 2024, at 1; see id. at 8-19 (first issue), 19-25 (second issue). On June 21, 2024, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 29; "Def.'s Mem.") addressing Plaintiff's arguments. Then, on July 5, 2024, Plaintiff's Reply Brief (Doc. No. 30; "Reply") was filed. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for further proceedings.

## II. The ALJ's Decision

When determining whether an individual is disabled,[8] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining

---

[8] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected

(Continued…)

5

as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 714-26. Prior to the inquiry, the ALJ found Plaintiff "met the insured status requirements of the Social Security Act through June 30, 2013." Tr. at 714. Then, proceeding with the inquiry, the ALJ determined at step one that Plaintiff "did not engage in substantial gainful activity [from] January 1, 2013, through April 27, 2021." Tr. at 714 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "had the following severe impairments: lumbago (chronic back pain), osteoarthritis of the left knee, asthma, history of headaches, diabetes mellitus with diabetic neuropathy, major depressive disorder, generalized anxiety

---

to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

6

disorder and post-traumatic stress disorder." Tr. at 715 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 715 (emphasis and citation omitted).

> The ALJ determined that Plaintiff had the following RFC:
>
> [Plaintiff could] perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b), specifically could lift/carry 10 pounds frequently and 20 pounds occasionally, and push and pull same amount that she could lift/carry; sit 4 hours at a time for total 8 hours; stand and/or walk 2 hours at a time for total of 6 hours; limited to frequent kneeling, crouching or crawling; limited to no greater than moderate level 3 noise work environment; must avoid concentrated exposure to pulmonary irritants (dust, fumes, odors, gases, poor ventilation etc.); could maintain concentration, persistence and pace in up to 2 hour segments to perform simple routine tasks with no more than occasional interaction with the public, co-workers and supervisors.

Tr. at 717-18 (emphasis omitted).

At step four, the ALJ found that Plaintiff was "unable to perform any past relevant work" as "a Waiter/Waitress, Informal," "a Cashier/Checker," "an Order Clerk, Food and Beverage," and "a Laborer, Stores." Tr. at 725 (some emphasis and citation omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 725-26. After considering Plaintiff's age ("46 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's

7

testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] could have performed," such as "Merchandise Marker," "Mail Clerk," and "Parking Lot Attendant." Tr. at 726 (some emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from January 1, 2013, through April 27, 2021." Tr. at 726 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine

whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff challenges the ALJ's rejection of various medical opinions regarding Plaintiff's mental and physical functioning. On the mental limitations, Plaintiff specifically challenges the ALJ's rejection of examining psychologist Darrin Kirkendall, Ph.D., Pl.'s Br. at 9-14[9]; examining psychologist Richard E. Nay, Ph.D., id. at 14-17[10]; and examining psychologist Jessica Anderton, Psy.D., id. at 17-19.[11] Regarding physical limitations, Plaintiff takes issue with the ALJ "rejecting the opinion of every physician" who opined regarding Plaintiff's exposure to pulmonary irritants. Id. at 19. Specifically, Plaintiff points to non-examining physician James Patty, M.D.,[12]; examining

---

[9] See Tr. at 561-67, 664-73 (Dr. Kirkendall's April 22, 2015 and July 6, 2017 opinions).

[10] See Tr. at 639-46, 648-50, 691-92 (Dr. Nay's April 2017 and December 2017 opinions).

[11] See Tr. at 1153-77 (Dr. Anderton's April 2021 and May 2021 opinions).

[12] See Tr. at 146-49 (Dr. Patty's August 2015 opinion).

9

physician William Guy, M.D.[13]; and examining physician William Choisser, M.D.[14] Pl.'s Br. at 20-25.

In arguing the ALJ erred in evaluating the various opinions of record, Plaintiff points out that the ALJ failed to consider whether her lack of insurance and funds excused her rather rare treatment for both mental issues and pulmonary issues. Pl.'s Br. at 17, 21-22; Reply at 5-6. Responding, Defendant essentially acknowledges that the ALJ did not consider the lack of funds but argues the ALJ was not required to do so because he relied on other factors to make his findings with respect to both mental health and pulmonary issues. See Def.'s Mem. at 13-14, 18-19.

"[B]efore denying an application based on a claimant's failure to comply with prescribed medical care, the ALJ must consider whether the claimant is able to afford the medical care." Brown v. Comm'r of Soc. Sec., 425 F. App'x 813, 817 (11th Cir. 2011) (citing Ellison v. Barnhart, 355 F.3d 1272, 1275 (11th Cir. 2003)); see also Social Security Ruling 16-3p (providing that if the frequency or extent of treatment is not comparable with the degree of subjective complaints, the SSA will consider the possible reasons for lack of treatment). A claimant's inability to afford medical care excuses his or her lack of such care. Dawkins v.

---

[13]   See Tr. at 675-88 (Dr. Guy's July 2017 opinion).

[14]   See Tr. at 693-701 (Dr. Choisser's May 2018 opinion).

10

Bowen, 848 F.2d 1211, 1213 (11th Cir. 1988) (stating that the court "agree[s] with every circuit that has considered the issue that poverty excuses noncompliance [with prescribed medical treatment]") (citations omitted). "Nevertheless, if the claimant's failure to follow medical treatment is not one of the principal factors in the ALJ's decision, then the ALJ's failure to consider the claimant's ability to pay will not constitute reversible error." Id. (citing Ellison, 355 F.3d at 1275).

Here, it is undisputed that Plaintiff alleged inability to afford treatment as a reason for not obtaining it. See, e.g., Tr. at 56, 97 (Plaintiff testifying she has no health insurance and has been living on the street or from friend to friend on charity), 64 (Plaintiff testifying she has not been on medication for mental health issues since 2015 because she has "no money for the visits with the doctor or the medication"); see also Tr. at 65, 640. Further, the Court in its remand Order specifically noted with respect to the prior ALJ decision's pulmonary findings that the ALJ had "failed to acknowledge [Plaintiff's] lack of medical insurance or funds, which prevented her from obtaining medical care." Tr. at 880 (citing Dawkins, 848 F.2d at 1213).

On remand, however, the ALJ again failed to consider Plaintiff's inability to afford treatment. See Tr. at 718-25. At the same time, the ALJ rejected all opinions regarding the need to avoid pulmonary irritants, relying repeatedly on

11

the lack of "significant treatment" among other things.[15] Tr. at 719; see also Tr. at 720 ("she has not required regular treatment for any breathing issues," "no significant treatment," "no ER related visits"), 721 ("no significant related treatment," "no ER related visits"). Moreover, the ALJ rejected the mental opinions at issue in large part due to lack of treatment during the relevant timeframe. See Tr. at 722 ("lack of consistent mental health treatment," "did not require any counseling, inpatient treatment or ER visits for mental health reasons"), 724 ("The severe limitations are inconsistent with medical records demonstrating a lack of consistent mental health treatment," "no mental health treatment, no counseling, and no medications since 2015").[16]

The undersigned finds reversible error given the failure to consider whether Plaintiff's lack of funds is a sufficient reason to excuse the lack of consistent care with respect to the pulmonary issues and the mental issues. It is true, as Defendant contends, that this was not the only reason for the ALJ's

---

[15] The Appeals Council acknowledged the ALJ's failure to consider the lack of funds regarding pulmonary symptoms but essentially found this failure harmless given the ALJ's other reasons for making the pulmonary findings. Tr. at 702. The undersigned respectfully disagrees that the omission was harmless, especially in light of the Court specifically pointing out the omission in its remand Order, together with the ALJ's failure on remand to consider the lack of funds regarding the mental issues.

[16] The ALJ also relied on the records from Stewart Marchman Act Behavioral Center, which are almost all dated prior to the amended onset disability date of January 1, 2013 (and are therefore of limited relevance in determining Plaintiff's mental limitations during the relevant timeframe). See Tr. at 721 (ALJ citing Exhibit B7F, the Stewart Marchman Act Behavioral Center records), 513-28, 575-93 (records).

12

findings on the pulmonary and mental issues. However, the lack of consistent care was heavily relied upon by the ALJ to discount every opinion on the need to avoid pulmonary irritants and most opinions on mental limitations, making the finding material to the ultimate decision. Reversal for reconsideration is required. In light of the foregoing, the undersigned need not address whether the ALJ's other reasons for discounting the various opinions are supported.

## V. Conclusion

In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A) Reconsider all opinion evidence, specifically addressing whether Plaintiff's lack of funds and insurance excuses the rare and conservative treatment for pulmonary and mental health issues; and

(B) Take such other action as may be necessary to resolve these claims properly.

13

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on December 19, 2024.

                                                JAMES R. KLINDT
                                   United States Magistrate Judge

kaw
Copies:
Counsel of Record