# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

FAYE FRANCES KAUSCH,

      Plaintiff,

v.                                            Case No. 3:23-cv-1300-JRK

MICHELLE KING,
Acting Commissioner of Social
Security, [1]

      Defendant.
_____/

## O R D E R

This cause is before the Court on Plaintiff's Consent Petition for Attorney Fees (Doc. No. 36; "Petition"), filed February 4, 2025. In the Petition, Plaintiff seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $6,382.30. Petition at 1, 2. Plaintiff represents that Defendant does not oppose the relief requested. Id. at 3.

Plaintiff's counsel indicates a total of 25.4 hours were expended in the representation of Plaintiff before the Court: 2.0 hours in 2023, 22.4 hours in 2024, and 1.0 hours in 2025. Id. at 2; Chantal J. Harrington, Esq. Time Report (Doc. No. 36-2). Plaintiff requests an hourly rate of $244.62 for 2023 and $251.84

---

[1] Michelle King became the Acting Commissioner of Social Security in January 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Ms. King is substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

for 2024 and 2025. Petition at 2. Plaintiff is seeking a higher hourly rate than the $125 specified by statute based on the increase in the cost of living since 1996, when the attorney's fee rate was last adjusted by Congress. See 28 U.S.C. § 2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased). Having examined the Consumer Price Index and the representations made in the Petition, the Court concludes an increase in inflation does justify a proportionate increase in attorney's fees.[2] Further, the number of hours expended is reasonable.

Plaintiff has assigned her rights to any entitlement of attorney's fees due under the EAJA to her counsel. Petition at 2-3; Contract for Federal Court Work (Doc. No. 36-1). Regarding the assignment, Plaintiff represents the following:

> The parties agree that after the Court issues an order awarding EAJA fees to Plaintiff, the Commissioner will determine whether Plaintiff owes a debt to the government. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

Petition at 2-3.

In light of the foregoing, it is

**ORDERED**:

---

[2] See U.S. Dep't of Labor, Inflation Calculator, http://data.bls.gov/cgi-bin/cpicalc.pl (last visited February 11, 2025). In computing the hourly rate adjustment for the cost of living increase, the Consumer Price Index is generally used for the year in which the services were performed. See Masonry Masters, Inc. v. Nelson, 105 F.3d 708, 710-13 (D.C. Cir. 1997); see also Gates v. Barnhart, No. 5:01-cv-148-Oc-GRJ, 2002 WL 1452232, at *3 (M.D. Fla. June 25, 2002) (unpublished).

2

     1.    Plaintiff's Consent Petition for Attorney Fees (Doc. No. 36) is **GRANTED**.

     2.    The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant for attorney's fees in the amount of $6,382.30 pursuant to 28 U.S.C. § 2412(d).

     3.    The Commissioner may exercise the discretion to honor Plaintiff's assignment of fees to counsel if the U.S. Department of Treasury determines that Plaintiff does not owe a debt to the U.S. Government.

     **DONE AND ORDERED** in Jacksonville, Florida on February 11, 2025.

*[signature]*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record